# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN A. LEIN,
        **Plaintiff,**

    v.                                                    Case No. 06C0235

WAYNE F. WHITTOW, et al.,
        **Defendants.**

## DECISION AND ORDER

Plaintiff John A. Lein, while acting pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that defendants deprived him of property without due process of law. The defendants are Wayne F. Whittow, the Treasurer for the City of Milwaukee, Deborah McCollum, an employee in the City of Milwaukee's Department of City Development, and John J. Heinen, an assistant city attorney for the City of Milwaukee. On February 18, 2008 defendants moved for summary judgment. After some prodding by the court, plaintiff filed a response to defendant's motion. Apparently, since initiating this action, plaintiff has obtained legal counsel, and his response materials were filed by an attorney. For the reasons stated below, defendants' motion for summary judgment is granted.

### I. FACTUAL BACKGROUND

Initially, I note that although plaintiff is now represented by counsel, his response materials do not conform to the local rules of this district. Specifically, plaintiff has not followed Civil L.R. 56.2(b)(1), which requires a party responding to a motion for summary judgment to submit "[a] specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact

exists." In the present case, plaintiff has filed no response to defendants' proposed findings of fact (although he did file his own proposed findings), and thus pursuant to Civil L.R. 56.2(e), I must accept defendants' proposed findings as undisputed. Further, plaintiff has submitted no affidavits or other forms of evidence in opposition to defendants' motion. Thus, the following facts are taken from defendants' proposed findings of fact, which I accept as true, as well as those of plaintiff's proposed findings that defendants do not dispute.

Plaintiff resides at 3414 West Lapham Street in the City of Milwaukee. This is a house that plaintiff inherited upon the death of his mother, Dorothy C. Danielak. On April 6, 2005, the City filed a tax foreclosure proceeding involving a number of properties, including plaintiff's mother's, in Milwaukee County Circuit Court. The City gave notice of the foreclosure action as follows. First, it sent by certified mail a copy of the notice to the owner of record of each property. Second, the City posted notice of the foreclosure action in the City's office. Third, it published notice in a newspaper of general circulation within Milwaukee, the Daily Reporter. (See Def. Prop. Findings of Fact ¶ 9.)

At the time that the City filed the foreclosure action involving plaintiff's house, county real estate records revealed that the property's owner was still Dorothy Danielak, and thus it mailed notice of the foreclosure proceedings to her. It is unclear whether plaintiff had begun residing at the property by the time that the City mailed the notice, but in any event he did not receive the notice that the City mailed to Danielak as the owner of record. Plaintiff does not dispute that he did not record his interest in the property until May 23, 2005, after the City mailed notice of the foreclosure proceedings. Having no actual notice of the foreclosure proceedings, plaintiff did not appear to object.

2

On July 25, 2005, the court entered judgment in the City's favor with respect to the properties at issue in the foreclosure proceeding, thereby vesting title to plaintiff's mother's house in the City. Because the City now owned plaintiff's mother's house, on August 24, 2005, it sent a notice to vacate to plaintiff, who was by then residing in the house. This was apparently the first time that plaintiff learned about the foreclosure. Upon receiving the notice to vacate, plaintiff appeared at the City's office and notified the Department that he was the owner of the property. Of course, because of the foreclosure proceedings, by the time that plaintiff arrived at the City's office, he was no longer the owner of the property, the City was.

On September 6, 2005, pursuant to procedures established by the City, plaintiff filed with the City's office a request to vacate the City's judgment. On the same day, the Treasurer forwarded the application to the Milwaukee Common Council. In the meantime, plaintiff refused to vacate the property pursuant to the City's notice to vacate. On October 3, 2005, the City commenced eviction proceedings against plaintiff. Then, on October 18, 2005, the Common Council adopted a resolution in which it agreed to vacate the judgment foreclosing on plaintiff's property, provided that plaintiff first paid all outstanding property taxes plus penalties and interest. Plaintiff paid the required amounts on November 29, 2005, and on December 6, 2005, the City voluntarily dismissed the eviction action. Pursuant to the common council resolution, the foreclosure was vacated on December 14, 2005, and plaintiff once again became the owner of his house. Plaintiff still owns and resides at the house today.

## II.  DISCUSSION

Summary judgment is appropriate only when the materials before the court demonstrate "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Miller v. American Airlines, Inc., 525 F.3d 520, 523 (7th Cir. 2008).

Plaintiff alleges that defendants deprived him of property (his house) without due process of law.  However, plaintiff does not precisely identify the process that he believes the City owed him.  At first, he seems to complain that he did not receive adequate notice of the foreclosure action, but he cites no authority holding that the City's mailing notice by certified mail to the owner of record of the property (plaintiff's mother) was not adequate notice.  Indeed, plaintiff does not seem to dispute that mailing notice to the owner of record was adequate notice.  Further, he submits no evidence suggesting that the City did not, as it claims, mail notice to plaintiff's mother's last known address.  In addition, plaintiff does not dispute that he failed to record his interest in the property until after the City initiated the foreclosure action and mailed notice to his mother.  Thus, the City had no reason to mail notice of the foreclosure to him rather than his mother.  Therefore, to the extent that plaintiff means to claim that defendants did not provide him with adequate notice of the foreclosure, I will grant defendant's motion for summary judgment as to such claim.

Plaintiff appears to claim that the City's failure to immediately vacate the foreclosure and halt eviction proceedings upon plaintiff's arrival at the City's office was somehow a denial of due process.  But it was not.  By the time plaintiff notified the City that he had inherited the property, the City had lawfully obtained title to plaintiff's house pursuant to the

4

judgment of foreclosure. When plaintiff showed up at the City's office, the City told him about the common council's procedure for vacating tax foreclosures, and plaintiff decided to petition for such relief. However, the City was within its rights as the owner of plaintiff's house to continue the eviction action until plaintiff paid the back taxes and the common council agreed to vacate the foreclosure. Once plaintiff paid the back taxes and the common council agreed to vacate the foreclosure, the City voluntarily dismissed the eviction action. Thus, none of the City's actions deprived plaintiff of due process.

Next, plaintiff seems to claim that the City somehow deprived him of his statutory right to redeem his property. However, plaintiff does not make a cogent argument supporting this claim, and I am therefore unable to evaluate it. Moreover, under Wisconsin law, the one-year redemption period commences on the day that the City acquires a tax certificate pertaining to the property, Wis. Stat. § 75.521(a)2, and in its foreclosure petition, the City alleged that this one-year period had already expired, (Smokowicz Aff., Attach. A, p. 3, at ¶ 3). Plaintiff does not claim that he tried to redeem the property prior to the expiration of the redemption period. Instead, plaintiff claims that he tried to redeem his property after the City had already foreclosed. But by then his right to redeem had already expired, and thus the City did not deprive him of due process by not immediately vacating the foreclosure.

Plaintiff also argues that the City should have asked the court to appoint a guardian ad litem to protect his interests prior to the foreclosure. The law that he cites in support of his argument, Wis. Stat. § 75.521(12)(b), states that in tax foreclosure proceedings, a guardian ad litem must be appointed for persons "who are or may be minors or individuals adjudicated incompetent." Plaintiff has not alleged that he was a minor or adjudicated

5

incompetent at the time of the foreclosure proceedings. Moreover, the City was completely unaware of plaintiff's connection with the property at the time of the foreclosure, and thus even if plaintiff was a minor or incompetent, the City would not have known that he was a minor or incompetent or have had any reason to suspect that he was a minor or incompetent. Thus, the City was not required to request the appointment of a guardian ad litem.

Finally, plaintiff seems to complain about the fact that the City made him pay the unpaid property taxes before it agreed to vacate the foreclosure. However, plaintiff does not dispute that he owed the back taxes, and thus the City had the right to demand payment before it vacated the foreclosure.

### III. CONCLUSION

For the reasons stated, defendants' motion for summary judgment is **GRANTED** and this case is **DISMISSED**. The clerk shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 15 day of August, 2008.

/s_____
LYNN ADELMAN
District Judge